Valerie BENNETT, Plaintiff,

v.

**SCHOOL DIRECTORS OF DIST. 204, Defendant.**

No. 96 C 6918.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 24, 1996.

Douglas M. Grimes, Gary, IN, and Phillip Bennett, Wheaton, IL, for Plaintiff.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Valerie Bennett ("Bennett") has just filed this putative class action against "School Directors of Dist. 204, in their official capacity"—another way of saying that she seeks to sue the school district ("District") itself (*Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985)). Because Bennett's Complaint carries its own death warrant, this Court sua sponte dismisses both the Complaint and this action.[1]

Bennett charges that she and others have been the victims of race discrimination (Complaint ¶ 3 identifies her as an African–American) in connection with the teacher hiring practices carried out by District, a school district in DuPage County. Before she can act on behalf of a plaintiff class, of course, she must state a viable claim for herself. And she has failed to do so under any of the three sources that she seeks to draw upon: 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983") and Title VII of the Civil Rights Act ("Title VII," 42 U.S.C. §§ 2000e–2000e–17).[2]

As for Sections 1981 and 1983, Complaint ¶ 5 describes District in these terms:

> The defendant school district is an agency of the state and not a subdivision thereof. It is a body politic and corporate created to perform governmental functions in connection with education of children in the school district.

Although Complaint ¶ 5 also goes on to speak of District's School Directors and Complaint ¶ 6 goes on to describe those Directors as "employers" under Title VII, it is plain that Bennett is speaking of them in their collective sense (in their "official capacities") and is targeting as her defendant the District, which under Bennett's own allegations is to say the State of Illinois.

But *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) teaches definitively that, as stated in its succinct recapitulation of the Court's analysis (*id.* at 71, 109 S.Ct. at 2312):

> We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.

For that reason District cannot be sued under Section 1983, and Bennett's attempt to invoke Section 1983 to that end must be rejected.

As for Section 1981, another Supreme Court decision issued just one week after *Will*—*Jett v. Dallas Indep. Sch. Dist.*, 491

---

1. If Bennett's lawyers (who presumably should have recognized the basic defects that are identified here before filing this action) believe that any claim or claims can be salvaged by avoiding those pitfalls, Fed.R.Civ.P. 59(e) provides a 14–day window within which to act.

2. Complaint ¶¶ 1 and 2 also refer to the Fourteenth Amendment, while Complaint ¶ 2 refers to the Thirteenth Amendment as well. It is established law, however, that no direct right of action exists for violation of those constitutional provisions—instead a plaintiff must resort to such implementing legislation as Sections 1981 and 1983. Accordingly this opinion need not address those brief references in the Complaint.

U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)—scotches Bennett's claim. *Jett* holds "that the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units" (*id.* at 733, 109 S.Ct. at 2721–22). Thus Bennett cannot take an end run around *Will* or the Eleventh Amendment by looking to Section 1981 either.

■ That leaves for examination only Bennett's Title VII claim. But there the documents that she herself has attached to her Complaint compel the dismissal of that claim too. Those documents include her Charge of Discrimination filed with EEOC and the agency's right-to-sue letter. As that letter *expressly* states in notifying Bennett of her rights (emphasis in original):

> If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue *WITHIN 90 DAYS* from your receipt of this Notice; otherwise your right to sue is lost.

And although EEOC's right-to-sue letter was sent to Bennett on January 31 of this year, she did not bring this suit until October 23—far beyond the 90-day time limit.

In summary, then, none of Bennett's claims survives even a threshold look. As stated at the outset of this opinion, both the Complaint and this action are dismissed.